IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **MICOBA LLC** | § | |
| Plaintiff, | § § § | CIVIL ACTION NO. |
| v. | § § | JURY TRIAL DEMANDED |
| **BOX, INC.,** | § § | |
| Defendant. | § | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Micoba LLC ("Micoba" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Box, Inc., (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Micoba, from U.S. Patent No. 8,473,532 (the "'532 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Micoba is a Texas entity with its principal place of business at 815 Brazos St., Suite 500 Austin, TX 78701.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 900 Jefferson Avenue, Redwood City, CA 94063 USA. Upon information and belief, Defendant may be served with

process at Corporation Service Company d/b/a/ CSC - Lawyers Inco., 211 E. 7th Street, Suite 620 Austin, TX 78701.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of their systematic and continuous contacts with this jurisdiction, as evidenced by its right to transact business in Texas and active Texas SOS file number, as well as because of the injury to Micoba, and the cause of action Micoba has risen, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. For example, the accused instrumentality, as described below, is available for use through Defendant's website in this District.[1] Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

7. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through

---

[1] https://community.box.com/t5/Box-Sync/Get-Started-with-Box-Sync/ta-p/86

intermediaries, resellers or agents, or offers and advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that infringe the '532 patent.

8. In addition, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's use of products or services that fall within the scope of at least one claim of the '532 patent.

## FACTUAL ALLEGATIONS

9. On June 25, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '532 patent, entitled "Method and apparatus for automatic organization for computer files" after a full and fair examination. (Exhibit A).

10. Micoba is presently the owner of the patent, having received all right, title and interest in and to the '532 patent from the previous assignee of record. Micoba possesses all rights of recovery under the '532 patent, including the exclusive right to recover for past infringement.

11. The '532 patent contains five (5) independent claims and twenty (20) dependent claims. Defendant commercializes, *inter alia*, products or services that include each and every element of at least one claim of the '532 patent.

12. The invention claimed in the '532 patent comprises a system for automatically organizing computer files into folders.

## DEFENDANT'S PRODUCTS

13. Defendant's products, such as the "Box Sync" ("Accused Instrumentality"), include a computer system comprising a processor, memory, and software (e.g., Box server and associated software) for automatically organizing computer files into folders, said software

causing said computer system to execute the series of steps recited in claim 13 and as further explained below (e.g., files added into the Box interface are automatically organized into corresponding folders on the Box server).[2]

14. As required by claim 13 of the '532 patent, the Accused Instrumentality provides a directory of folders wherein each of said folders is represented by a description. For example, the Box server contains and/or is capable of receiving a directory of folders with corresponding file and directory paths.

15. As required by claim 13 of the '532 patent, the Accused Instrumentality provides a new computer file not having a location in said directory, said computer file being represented by a description. For example, a new file uploaded into the Box interface that is not yet stored on the Box server will have a file and directory path corresponding to where the file was initially stored, rather than having a location in said directory.

16. As required by claim 13 of the '532 patent, the Accused Instrumentality compares said description of said computer file to descriptions of a plurality of said folders along a single path from a root folder to a leaf folder. For example, the file description (e.g., the file path) of the newly uploaded file will be compared with file descriptions of those folders already stored in the Box server. Furthermore, the Accused Instrumentality compares file paths from root folder to leaf folder before placing a newly uploaded file into the folder that is most similar to the newly uploaded file.

17. As required by claim 13 of the '532 patent, the Accused Instrumentality assigns said computer file to a folder having the most similar description. For example, the newly uploaded

---

[2] *Id.*

file will be placed into a folder on the Box server that has a directory path most similar to that of the uploaded file.

18. The elements described in paragraphs 13-17 are covered by at least claim 13 of the '532 patent. Thus, Defendant's use of the Accused Instrumentality is enabled by the system described in the '532 patent.

## INFRINGEMENT OF THE '532 PATENT

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 18.

20. In violation of 35 U.S.C. § 271, Defendant is now, and have been directly infringing the '532 patent.

21. Defendant has had knowledge of infringement of the '532 patent at least as of the service of the present complaint.

22. Defendant has directly infringed and continues to directly infringe at least claim 13 of the '532 patent by using, at least during testing, the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '532 patent, Plaintiff has been and continues to be damaged.

23. Defendant has indirectly infringed and continues to indirectly infringe at least claim 13 of the '532 patent by actively inducing its end-users to directly infringe by using the Accused Instrumentality. Defendant engaged in such inducement having knowledge of the '532 patent, at least as of the service of the present complaint. Furthermore, Defendant knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. Defendant offers the Accused Instrumentality in Texas

via its website specifically intending that its customers use it. For example, Defendant's website provides instructions on how to use and/or install the Accused Instrumentality.[3] As a direct and proximate result of Defendant's indirect infringement by inducement of the '532 patent, Plaintiff has been and continues to be damaged.

24. By engaging in the conduct described herein, Defendant has injured Micoba and are thus liable for infringement of the '532 patent, pursuant to 35 U.S.C. § 271.

25. Defendant has committed these acts of infringement without license or authorization.

26. As a result of Defendant's infringement of the '532 patent, Micoba has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

27. Micoba will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Micoba is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

28. Micoba demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Micoba prays for the following relief:

a. That Defendant be adjudged to have infringed the '532 patent directly and/or indirectly by way of inducement, either literally or under the doctrine of equivalents;

---

[3] *Id*.

b.   That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '532 patent;

c.   An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Micoba for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d.   An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

e.   That Defendant be directed to pay enhanced damages, including Micoba's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

f.   That Micoba have such other and further relief as this Court may deem just and proper.

Dated: December 9, 2016                                   Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
MICOBA LLC**